UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| SEGUNDO CRISTOBAL, et al.,<br><br>          Plaintiffs,<br>     v.<br><br>LONG BEACH MORTGATE CO., et al.,<br><br>          Defendants.<br>_____/ | No. C 10-04797 MEJ<br><br>**ORDER FOR CLERK OF COURT TO REASSIGN CASE**<br><br>**REPORT & RECOMMENDATION** |

On October 22, 2010, Plaintiffs Cristobal and Navarro filed the above-captioned complaint, at which time the Clerk of Court scheduled the matter for a case management conference on February 3, 2011. However, as no case management statement had been filed and there was no indication that any of the defendants had been served, the Court vacated the c.m.c. and ordered Plaintiffs to file a status report by February 10, 2011. (Dkt. #3.) As Plaintiffs failed to file a status report or otherwise appear in response to the Court's order, the Court ordered Plaintiffs to show cause why this case should not be dismissed for failure to prosecute and comply with court deadlines. The Court ordered Plaintiffs to file a declaration by March 28, 2011, and scheduled an order to show cause hearing on April 14, 2011. (Dkt. #4.)

Plaintiffs has now failed to respond to the order to show cause. Based on this procedural history, the Court finds it appropriate to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b). Under Rule 41(b), failure to comply with a court order can warrant dismissal. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In "determining whether to dismiss a case for failure to comply with a court order, the district court must weigh five factors including '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

merits; and (5) the availability of less drastic alternatives.'" *Id.* at 1260-61 (quoting *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9thCir. 1986)).  Here, Plaintiffs failed to comply with Court orders and deadlines, failed to respond to the order to show cause, and have made no appearance since filing their complaint.  Thus, the Court finds that the *Ferdik* factors weigh in favor of dismissal.

Accordingly, because Plaintiffs have yet to consent to the undersigned's jurisdiction, the Court hereby ORDERS the Clerk of Court to reassign this case to a district court judge.  The April 14, 2011 osc hearing is VACATED.  The undersigned RECOMMENDS that the newly-assigned judge dismiss this case for failure to prosecute and failure to comply with the Court's deadlines and orders.

Pursuant to Federal Rule of Civil Procedure 72, Plaintiffs may serve and file objections to this Report and Recommendation within 14 days after being served.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: April 7, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**FOR THE**
**NORTHERN DISTRICT OF CALIFORNIA**

SEGUNDO CRISTOBAL, et al.,

      Plaintiff,

v.

LONG BEACH MORTGAGE CO., et al.,

      Defendant.

Case Number: 10-04797 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 7, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Segundo Cristobal
Rowena Navarro
2321 Huntsman Way
Antioch, CA 94531

Dated: April 7, 2011

      Richard W. Wieking, Clerk
      By: Brenda Tolbert, Deputy Clerk

3